UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL NATHANIEL FULLER,

    Petitioner,                                                 Case Number 18-13988

v.                                                      Honorable David M. Lawson

THOMAS WINN,

    Respondent.
_____/

## OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE

On December 20, 2018, the petitioner, Michael Nathaniel Fuller, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On August 2, 2019, he filed a motion to stay and hold the petition in abeyance, so that he might return to state court to exhaust additional claims. The Court now finds that the request for a stay is lawful and should be granted.

I.

The petitioner was convicted on two counts of first-degree murder, Mich. Comp. Laws § 750.316(1)(a), and one count of possessing a firearm while committing a felony (felony firearm), § 750.227b(1), following a jury trial in the Montcalm County, Michigan circuit court. The convictions arose from the October 1987 shooting of the petitioner's ex-wife and her romantic companion. At trial and on appeal the petitioner conceded the fact that he had committed the killings but argued that he was inflamed by passion, had a diminished mental capacity, and lacked the specific intent to kill. On June 29, 1988, he was sentenced to concurrent terms of life without parole for the murders, and a consecutive term of two years on the gun count.

The petitioner appealed his conviction raising four claims that the trial court erred by (1) overruling challenges for cause to two jurors, (2) allowing questioning on irrelevant and highly prejudicial topics, (3) denying a motion for change of venue, and (4) failing properly to instruct the jury on the lesser offense of voluntary manslaughter. Those arguments were rejected when the convictions and sentences were affirmed by the Michigan Court of Appeals on September 10, 1991. *People v. Fuller*, No. 119306 (Mich. Ct. App. Sept. 10, 1991). The Michigan Supreme Court denied the petitioner's application for leave to appeal on March 30, 1992. *People v. Fuller*, 439 Mich. 975, 483 N.W.2d 393 (1992). On August 30, 2011, the petitioner filed a motion for relief from judgment in the trial court arguing that his convictions should be vacated because (1) new psychological evidence suggested that the petitioner was suffering from post-traumatic stress disorder at the time of the admitted killings, (2) trial counsel was ineffective by failing to present psychological evidence that existed at the time of trial to support the defense that the petitioner lacked the intent to kill required for a murder conviction, and (3) the convictions should be vacated because "substantial injustice" would result if they were allowed to stand. The motion for relief from judgment was denied by the trial court on February 10, 2012, and the Michigan Court of Appeals denied a delayed application for leave to appeal on January 3, 2013. *People v. Fuller*, No. 311796 (Mich. Ct. App. Jan. 3, 2013). The Michigan Supreme Court denied leave to appeal on July 30, 2013. *People v. Fuller*, 494 Mich. 882, 834 N.W.2d 486 (2013).

The petitioner now asks the Court to stay the proceedings and hold the petition in abeyance so that he can return to state court to exhaust additional claims that (1) trial counsel was ineffective by failing to move for appointment of an expert psychologist to bolster the "diminished capacity" defense and by failing to move for a hearing to determine if the petitioner was competent to stand

trial, and (2) appellate counsel was ineffective by failing to argue on appeal that trial counsel was ineffective. Those claims were not previously presented to the state courts.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that her state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing]

proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals reiterated this point in its decision in *Cunningham v. Hudson*, 756 F.3d 486 (6th Cir. 2014):

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

756 F.3d at 486.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise the unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

By any measure, the petition filed on December 20, 2018 was initiated well beyond the expiration of the one-year limitations period under 28 U.S.C. § 2244(d)(1). However, the petitioner argued in his petition that he is entitled to equitable tolling based on newly acquired psychological evidence of his "actual innocence" of the crime of first-degree murder. The Court has reviewed the petition and finds that the petitioner has asserted a colorable tolling claim that should not be dismissed out of hand, and that justice would best be served by addressing all of the petitioner's extant claims and the timeliness issue once the petitioner has had his chance to present the remaining claims to the state courts. The Court also notes that the respondent has not opposed the motion to stay the proceedings, and the time for doing so has long passed.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. All of the claims raised in the

original petition have been exhausted, but the new claims that the petitioner describes in his motion to stay have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009), and he may argue that he did not previously raise these claims in the state courts due to the ineffective assistance of trial and appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, the Court will impose upon the petitioner time limits within which he must pursue post-conviction relief from the state courts. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner promptly must initiate any further proceedings in the state courts, within 28 days after the entry of this order, and he must ask this Court to lift the stay within 28 days after exhausting his state court remedies.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 9) is **GRANTED**. The proceedings on the petition for a writ of habeas corpus are **STAYED** until further order of the Court.

It is further **ORDERED** that the petitioner promptly must pursue any post-conviction or further appellate proceedings relating to his unexhausted claims, by properly submitting appropriate filings to the state court **on or before September 24, 2019**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within twenty-eight (28) days after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the

petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within fifty-six (56) days thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   August 27, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 27, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---