UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL NATHANIEL FULLER,

                     Petitioner,                          Case Number: 18-13988

v.                                               Honorable David M. Lawson

THOMAS WINN,

                     Respondent,

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Michael Nathaniel Fuller is serving a nonparolable life sentence for two counts of first-degree murder following a 1988 jury conviction in the Montcalm County, Michigan circuit court. He challenges his convictions in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which he filed in December 2018. The petition was not filed within one year of any of the triggers in the habeas statute of limitations, and equitable tolling will not excuse the tardy filing. Therefore, the Court will dismiss the petition.

I.

Michael Fuller shot and killed his ex-wife and her new boyfriend on October 15, 1987. A Montcalm County, Michigan jury convicted him of two counts of first-degree premeditated murder by lying in wait and one count of possession of a firearm during the commission of a felony. The state trial judge sentenced him on June 29, 1988 to a mandatory term of life in prison without the possibility of parole.

The Michigan Court of appeals affirmed the convictions and sentences on September 10, 1991, and the Michigan Supreme Court denied leave to appeal on March 30, 1992. *People v. Fuller*, 439 Mich. 975, 483 N.W. 2d 393 (1992) (table).

There was no further activity in the state courts in this case until August 30, 2011, when Fuller filed a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. The trial court denied that motion, and the Michigan appellate courts denied the petitioner leave to appeal, with the last order coming on July 30, 2013. *People v. Fuller*, No. 311796 (Mich. Ct. App. Jan. 3, 2013), *lv. den.* 494 Mich. 882, 834 N.W.2d 486 (2013) (table).

Over five years later, on December 18, 2018, Fuller signed and dated the present petition for a writ of habeas corpus with this Court. We consider that date the filing date under the so-called Prison Mailbox Rule. *See Cretacci v. Call*, 988 F.3d 860, 865-67 (6th Cir. 2021) (citations omitted). This Court granted the petitioner's motion to hold the petition in abeyance so that he could return to the state courts to file a second post-conviction motion for relief from judgment to exhaust additional claims. Fuller filed his second post-conviction motion for relief from judgment, which was denied by the trial court because the motion was barred by the rule prohibiting successive post-conviction motions for relief from judgment. *See* Mich. Ct. R. 6.502(G). The Michigan appellate courts denied leave to appeal. *People v. Fuller*, No. 351596 (Mich. Ct. App. Feb. 27, 2020), *lv. den.* --- Mich. ---, 948 N.W. 2d 579 (2020) (table).

On February 8, 2021, this Court granted Fuller's motion to reinstate the petition and to file an amended habeas petition. Fuller's main contention is based on psychological evidence that he believes would negate the intent required to convict him of premeditated murder. He says this evidence was newly discovered, and it was mishandled by both the trial court and his trial and appellate attorneys. He also contends that he is entitled to equitable tolling of the one-year habeas statute of limitations because he is actually innocent of first-degree murder.

- 2 -

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996 and governs the filing date for this action because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds, Abela v. Martin*, 348 F. 3d 164, 172-73 (6th Cir.2003) (case filed 13 days after limitations period expired dismissed for failure to comply); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002). Subparagraphs A and D of the statute are at play in this case.

A.

Fuller's direct appeal of his conviction ended when the Michigan Supreme Court denied leave to appeal on March 30, 1992. His conviction became final under section 2244(d)(1)(A) 90 days later, when the time for filing a *certiorari* petition in the United States Supreme Court expired,

which was on June 28, 1992. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). However, because that date preceded AEDPA's effective date of April 24, 1996, Fuller had a one-year grace period after that date to file a petition for habeas relief in federal court. *Israfil v. Russell*, 276 F. 3d 768, 771 (6th Cir. 2001). Unless some other provision tolled the limitations period, Fuller had to file his petition for writ of habeas corpus in this Court no later than April 24, 1997.

It is well accepted that "[t]he limitation period is tolled . . . during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550-551 (2011) (quoting 28 U.S.C. § 2244(d)(2)). That does not help Fuller, however, because he did not file his post-conviction motion before the one-year limitation period expired. A state court post-conviction motion that is filed after the limitations period expires cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Fuller's second motion for relief from judgment also did not toll the limitations period because it likewise was filed in the state court after the expiration of the limitations period. *See Parker v. Renico*, 105 F. App'x. 16, 18 (6th Cir. 2004).

## B.

Fuller argues that the limitations period should not start when his conviction became final, or even when AEDPA became effective, because he has newly discovered evidence that he suffers from Post-Traumatic Stress Syndrome (PTSD) as a result of his mistreatment at the hands of his father, being sexually abused as a child, the traumatic loss of a pet, and his service in the army during the Vietnam War. This contention is based on a report from Robert Goode, a psychologist,

dated May 11, 2001. Goode provided addenda to his report on January 21, 2003, November 3, 2003, and December 21, 2004 to buttress his diagnosis of PTSD. These reports are relevant to Fuller's claim that his trial attorney was ineffective because he did not argue that Fuller's PTSD negated the specific intent required for premeditated murder and perhaps to argue that Fuller was not guilty by reason of insanity.

Section 2244(d)(1)(D) states that the one-year limitations period begins to run from the date that "the factual predicate" for a habeas claim "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 898 (6th Cir. 2005). Due diligence is the key. The trigger trips when the petitioner knows or could have discovered the important facts for his claims, not when he recognizes the legal significance of that evidence. *Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). And "factual predicate" refers to the core facts of a claim, not "every possible scrap of evidence that might support his claim." *Ibid.* Newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

Even if Fuller's PTSD diagnosis was not discovered before trial, he knew of that diagnosis by May 11, 2001, when he was diagnosed by his psychologist with having PTSD. Mr. Goode's final addendum to his initial PTSD diagnosis is dated December 21, 2004. Fuller waited over ten years after the initial PTSD diagnosis, and almost seven years after receiving Mr. Goode's final addendum, to file his first post-conviction motion for relief from judgment raising that claim in the state trial court. Assuming that the psychological report was newly discovered evidence, if

- 5 -

Fuller would have filed his post-conviction motion within a year of its discovery, the statute of limitations would have been tolled while that motion was pending in the state court. 28 U.S.C. § 2244(d)(2); *Souter v. Jones*, 395 F.3d 577, 587-88 (6th Cir. 2005). But Fuller did not file his state post-conviction motion or his habeas petition within one year of obtaining the PTSD diagnosis. His habeas petition, therefore, is untimely because he did not file it or his state court post-conviction motion within the one-year limitations period set forth in § 2244(d)(1)(D). *Souter*, 395 F.3d at 587-88.

Fuller's reply brief also suggests an argument that the state trial court's failure to conduct a hearing on the petitioner's mental competency before his trial also was newly discovered evidence. The problem with that argument, though, is that the factual predicate for his contention that a competency hearing was needed — Goode's reports diagnosing PTSD — was known to Fuller no later than December 21, 2004, when Goode released the final addendum to his initial 2001 report. Fuller did not raise the issue of his competency to stand trial in his initial post-conviction motion; he asserted a competency claim and a related ineffective assistance of counsel claim only in the second post-conviction motion that he filed in the trial court on September 23, 2019. Once again, that filing came too late to salvage this habeas petition under section 2244(d)(1)(D). *Souter*, 395 F.3d at 587-88.

Fuller contends that his competency claim and the related ineffective assistance of counsel claims raised in his amended petition are timely because those claims were not ripe until 2018, when the Michigan Court Rules were amended in 2019 to allow the filing of a subsequent motion for relief from judgment based on new scientific evidence. *See* Mich. Ct. R. 6.502(G)(3)(b). He believes that until this rule change, he was unable to raise a claim involving his mental competency or the related ineffective assistance of counsel claims. That argument does not hold up, however,

because the "new scientific evidence" Fuller references are the reports from Mr. Goode, all of which were available before he filed his *first* post-conviction motion. That scientific evidence was not "new" and would have not supported a second post-conviction motion even after the rule amendment.

C.

AEDPA's limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland*'s two-part test for determining whether a habeas petitioner is entitled to equitable tolling). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Fuller has not offered any excuse for not pursuing his rights diligently.

As noted, Fuller alleges that he suffers from PTSD, which fairly can be characterized as a mental illness. However, it is mental *incompetency* that may provide a basis for equitable tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F. 3d 736, 742 (6th Cir. 2011). Allegations of mental illness not amounting to incompetence are not enough. *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017) (noting that "mental illness is not the same as mental incompetence"). And the petitioner must demonstrate a "causal link" between an actual state of incompetence and the untimely filing. *Ibid.*; *see also Robertson v. Simpson*, 624 F. 3d 781,

- 7 -

785 (6th Cir. 2010) (holding that for mental incapacity to justify equitable tolling of AEDPA's statute of limitations, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition").

Fuller has not offered any evidence of that causal link. He offers little evidence of his mental health during the actual limitations period, which is the relevant time block. *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017). All of the reports that Fuller submitted indicate that he was suffering from PTSD at the time of the commission of the murder in 1987 and that he continued thereafter having symptoms consistent with PTSD. The reports, however, do not raise a question about his competency to stand trial or his mental ability to file a habeas petition. *See United States v. Gooch*, 595 F. App'x. 524, 528, n. 2 (6th Cir. 2014) (criminal defendant's referral to psychiatric clinic eight years prior to his indictment did not warrant competency evaluation prior to defendant's trial). In any event, "mental illness is not the same as mental incompetence." *Watkins*, 854 F. 3d at 852.

The litigation history in this case does not suggest that Fuller's alleged mental illness was the cause of his untimely filing. He pursued several collateral challenges to his conviction in the state courts as well as federal post-conviction relief all the while suffering from his alleged mental impairment. That is a strong indication that he would have been able to meet the applicable deadlines.

Both the Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). The courts, however, have set the bar high for such a showing. "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably,

- 8 -

would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Souter*, 395 F.3d at 590. The habeas petitioner must support his allegations of constitutional error "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

Fuller has not met that challenge. He has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Fuller does not deny shooting the victims. Instead, he contends that his PTSD negated the specific intent to kill required for first-degree murder. The petitioner argues that his PTSD should have mitigated the crime to a lesser offense. But the actual innocence "gateway" to a state prisoner's otherwise time-barred habeas petition does not extend to prisoners like the petitioner who admitted to the killing "and whose alleged actual innocence of a non-capital homicide conviction is premised on being guilty of only a lesser degree of homicide." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1015 (11th Cir. 2012).

Moreover, Goode's reports are insufficient to establish that Fuller was insane at the time of the murders and therefore actually innocent. To succeed on an insanity defense under Michigan law, a defendant must show that, as a result of a mental illness, he lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. Mich. Comp. Laws § 768.21a(1). The evidence in this case, when viewed in its totality, does not compel the conclusion that Fuller was legally insane at the time of the murders. The trial evidence established that Fuller followed his ex-wife to the airport where he watched her kissing her boyfriend. Fuller then went to his ex-wife's home and lay in wait for the two. When his ex-wife and boyfriend returned to the home, he ambushed the two victims and shot them; he had the

presence of mind to spare the life of the babysitter who was also in the car. Based on that evidence, a jury could have accepted Mr. Goode's opinions and still found that Fuller's PTSD did not render him legally insane, that is, unable to appreciate the wrongfulness of his actions or conform his conduct to the law. *See McSwain v. Davis*, 287 F. App'x 450, 461 (6th Cir. 2008).

Fuller's related claim that he was mentally incompetent to stand trial cannot provide a basis for equitable tolling because competency to stand trial does not relate to a defendant's guilt or innocence. *See Brogan v. Horton*, No. 19-1620, 2019 WL 6521656, at * 3 (6th Cir. Sept. 11, 2019) (citing *Medina v. California*, 505 U.S. 437, 448 (1992)).

III.

The petitioner filed his habeas corpus petition after the one-year statute of limitations expired. He is not entitled to equitable tolling of the limitations period. His habeas corpus petition must be dismissed with prejudice, but the claims alleging unlawful conditions of confinement will be dismissed without prejudice.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the petitioner's motion for an evidentiary hearing (ECF No. 22) is **DENIED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 7, 2021

- 10 -